BECK, Judge,
concurring:
I reluctantly conclude that the only interpretation of the statute at issue is that adopted by the majority. However, I question the legislative wisdom of denying small time drug dealers, who are also drug addicted, an opportunity for an alternative method of punishment and rehabilitation. It appears that severity of sentencing has not inhibited the drug trade. Imposition of prison sentences in cases such as the instant one contributes to prison overcrowding, which is at a disturbing level.
This court is bound to interpret and enforce the laws enacted by the legislature in the manner in which they were intended. On a policy level the legislature might be well advised to reconsider this provision of the statute.
Under the language of the statute, however, a Section 17 sentence is not available for appellant.
TAMILIA, Judge, in support of remand:
I write separately and join neither the majority nor dissent because I do not believe either Opinion resolves the issue of the meaning of the term “was charged” in the wording of 35 P.S. § 780-117.
*312 Starting at the end rather than the beginning, I believe the legislature intended to exclude primary drug dealers or manufacturers who fell into the category of section 780-117(l)(vi). Whether Berryman fell into that category and is entitled to probation without verdict is not clear from the record. The term “was charged” is unfortunate because it introduces ambiguity where none was intended. Reading the statute on probation without verdict and relating it to the law which it amended, the intent of the legislation was to eliminate loopholes and not to extend the benefit of this very beneficial program to persons who are the purveyors and perpetuators of the drug problem under the guise that they are victims because they too abuse drugs. Without question there is a fine line between sellers and users with many, if not most, users being sellers at one time or another in order to obtain money to sustain their addiction. To eliminate all sellers would eliminate virtually all users, making the program virtually worthless. To permit primary dealers to have one free shot at avoiding a conviction would serve only to cloak them with a partial immunity and allow them to continue their ravishing of society. District attorneys do select or screen the primary dealers from the incidental sellers and have substantial influences on the court when the decision is made as to whether the charge is possession or possession with intent to manufacture or deliver. Experience tells us that when the defendant is primarily a user, the possession with intent to deliver charge will be dropped, whereas if there is a pattern of delivery it will be pursued. The law is written in very specific terms as needed to fulfill constitutional mandates. We can debate forever what the meaning is of “was charged,” indicating that it is an unfortunate choice of words and introduces patent ambiguity where the intent of the statute is otherwise clear. Under these circumstances, unless the court and the district attorney’s office have a uniform understanding and policy as to the virtual reality of dealing with a myriad of cases with hundreds of variations, we cannot help them by giving them a definition that only applies to two cases. This is something which must be addressed by the legislature, which alone can detail how the courts must construe the legislation.
*313 As for now, I believe “was charged” must include “is charged” when possession with intent to deliver is contained in the complaint when probation without verdict is proposed. It does not mean that there must have been a prior charge of drug use or possession with intent to deliver to disqualify a defendant from probation without verdict. This means that in every case where such a charge is made, the court loses its capacity to make such a finding. It must be left to another day to determine whether the mere charge, even after dismissal or acquittal, nullifies the effect of the act. The legislature could clarify this also when it clarifies the phrase “was charged.”
I would prefer to see the statute struck because of vagueness, but because the legislative intent is clear, this may not be done sua sponte by this Court. My solution would be to remand this case for a sentencing hearing which would seek to determine whether these defendants were primary or incidental drug dealers with sentences to follow accordingly. If they were dealers in the accepted use of the term, they should be sentenced accordingly. If they were users involved in incidental sales to sustain their habits, probation without verdict is appropriate. With these instructions, I believe the trial court may make a reasoned and fair disposition. As a policy matter, the greatest burden on the penal system in this state and country at large is a result of imprisonment on drug charges. Neither an uncritical jailing of drug users nor a lenient approach toward primary dealers will serve the community and lead to a reduction in the problem. Probation without verdict is a reasonable and workable approach in dealing with the problem intelligently, saving both lives and valuable prison resources when wisely used. I believe direction to the courts as to the means of achieving the legislative intent serves these purposes.[1]
McEWEN, J., joins.

. I agree with Judge Cirillo that as to Berryman if probation without verdict cannot be sustained, he must be given the opportunity to withdraw his plea of nolo contendere.